IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                           **Case No. 11-40044-11-RDR**

ARNULFO PRADO-CERVANTEZ,

        Defendant.

## O R D E R

Defendant is charged with conspiracy to distribute 500 grams or more of methamphetamine. There are currently fifteen defendants in this case. Defendant is in custody pending trial. Defendant is Spanish-speaking and has used an interpreter during court hearings. The court has received documents signed by defendant which are written in English and appear to have been prepared by someone in defendant's holding facility. The court reaches this conclusion not only because the documents are written in English, but also because the same or similar documents (in what appears to be the same handwriting) have been received by the court from another Spanish-speaking defendant in this case, Agustin Ramirez-Villa. The court has returned many of these documents to defendant and Ramirez-Villa and directed them that they have court-appointed counsel to bring motions and pleadings before the court. Doc. Nos. 130, 133, 136, and 139. This action by the court appears to have motivated, at least in part, each defendant to ask for self-

representation.

The court has received a letter from defendant to his attorney which indicates that defendant "has decided to proceed alone" and is terminating his appointed counsel's services. Doc. No. 162. The letter accuses counsel of actions which are for the benefit of the court and the prosecutor, and to the detriment of defendant. Specifically, the letter complains that defense counsel asked for a continuance of the deadline to file pretrial motions and that counsel has not challenged the jurisdiction of the court. The court has decided to treat the document as a motion for self-representation. The court conducted a hearing upon the motion on September 30, 2011. This order shall be the court's ruling upon defendant's motion for self-representation.

During the hearing, the court asked defendant's court-appointed counsel to address the court. Defendant's counsel told the court that he was not able to communicate effectively with defendant or to represent defendant effectively.

The court asked the interpreter during the court hearing to translate the following statement to defendant:

> - - You should understand that the charge you are facing in this case has a maximum penalty of life in prison and a mandatory minimum sentence of 10 years which would apply unless you qualify for certain exceptions to the mandatory minimum sentence which generally require, among other things, that you plead guilty. The mandatory minimum sentence could be 20 years, but the court is not aware at this time of facts which would cause a 20-year mandatory minimum sentence to be applicable.

2

- - The ultimate sentence in this case, if you are convicted, may depend upon numerous factors including: your criminal history, acceptance of responsibility, obstruction of justice, leadership role in the offense, cooperation with the government and numerous other issues under the Sentencing Guidelines. If you represent yourself, you will be responsible for making arguments under the Sentencing Guidelines. There are also sentencing factors which the court must consider under Title 18 United States Code § 3553. If you represent yourself, you will be responsible for making arguments under this statute.

- - If you represent yourself and you decide to go to trial, you will be required to follow the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. You will be responsible for picking the jury through the process of voir dire and for giving opening and closing statements. You will be required to do your own direct and cross-examination of witnesses. You will have to evaluate the possible defenses to the crime charged -- e.g., lack of intent or knowledge; lack of participation; entrapment; lack of agreement as to a criminal purpose; and others -- to determine what defenses to present to the jury.

- - There is a very large amount of information in this case which will be difficult for any person to process, much less a person of limited education who is incarcerated pending trial.

- - You will be required to file your own pretrial motions and to contact and prepare to present any witnesses you might want to call at trial.

- - Because you are incarcerated you will have limited access to legal materials.

- - It is apparent to the court that you and another defendant in this case have received advice (I assume from someone in your holding facility) that you should challenge the court's jurisdiction to hear this case. I have already rejected this challenge in one order and indicated that other motions you have attempted to file without the aid of counsel do not make persuasive arguments to the court. I have no reason to believe that my rulings on these matters will change and they cannot be appealed to another court until you have received a

      trial and (if you are found guilty) been sentenced.

        - - This is a complex case with many defendants.  If there is a trial, it will most likely occur some time next year when all of the parties who wish to go to trial are prepared to do so.  There is no reason to believe at this time that your case will go to trial sooner than that of any other defendant in your case or that you will be released pending trial.

        - - If you are unable to effectively communicate with your current attorney, the court is willing to appoint a different attorney to represent you.  Any attorney appointed to represent you must respect your desire to go to trial if you believe that you want to go to trial.  However, you should realize that any attorney is obliged to give you his or her best advice and that no attorney is obligated to file motions which he or she believes are legally frivolous.

        - - As I have said, this is a complex case with serious consequences.  The court strongly believes that representation by an attorney is far better under most circumstances for a defendant than self-representation.

The interpreter told that court that she translated this statement word for word for defendant.  Defendant told the court that he understood the court's statement.  He indicated that he might have questions, but he did not pose any specific questions to the court.  The court told defendant that it would be difficult to share the great amount of discovery in this case with defendant since he was incarcerated, and that there would be discovery which he could not take with him into his holding facility.  In the end, defendant told the court that he preferred to work alone.

The court has decided to grant defendant's motion for self-representation.  The court finds that defendant is competent to make this decision.  Defendant had the assistance of an interpreter

and his comments to the court indicated that he clearly understood the nature of the proceedings and the decisions being made. The court further finds that defendant made the decision to represent himself voluntarily after the court informed defendant of the dangers and disadvantages of appearing pro se. To repeat, the court believes defendant made a knowing and voluntary election to represent himself, understanding the significance and consequences of his decision. The court has offered to appoint new counsel for defendant, but defendant told the court he wanted to represent himself.

The court shall appoint new counsel to be involved in this case as standby counsel to give advice to defendant in the courtroom if defendant seeks such advice and to be prepared to represent defendant should defendant take actions which waive or forfeit his right to self-representation. In addition, standby counsel may be requested to facilitate the sharing of discovery with defendant. Standby counsel should contact the court when defendant seeks to review discovery and the court will attempt to work out a process for this to happen. Standby counsel should also be prepared to arrange for interpreters to interpret or translate documents when necessary for defendant. Counsel should seek permission first from the court before doing so. Standby counsel should review this order with defendant and, if necessary, help explain the order to defendant. Finally, standby counsel should

meet with defendant (with the aid of an interpreter) and inform defendant that if he has any questions or concerns regarding the decision to represent himself or the cautionary advice the court gave defendant during the hearing upon that decision, then he should raise those questions with the court either through a letter or a motion.  If defendant reconsiders his decision to represent himself, he may file a motion asking the court to appoint him new counsel.

The government asked the court to direct that defendant's future pro se pleadings be written in Spanish.  The government argues that this would protect the court and defendant from the influence of a jailhouse lawyer who appears to have authored documents for defendant raising jurisdictional and "sovereign citizen" sorts of defenses for what seems to be a quite commonplace (although large) methamphetamine conspiracy charge. The government reasons that defendant cannot understand English and, therefore, does not know or understand the documents in English to which he has signed his name.

The court has given this request due consideration but declines to grant it.  Although defendant uses an interpreter for court proceedings and speaks Spanish in the courtroom, it is possible that defendant understands English well enough to speak or read some of it.  Therefore, the court cannot conclude that he does not understand or will not understand pleadings written in English.

6

Moreover, while it is safe to assume that defendant would understand pleadings he wrote in Spanish, requiring him to draft his pleadings in Spanish would make it more difficult for the court to manage his pleadings and potentially deprive defendant of legitimate assistance in defending his case.

Nevertheless, defendant is cautioned once again that the court believes its jurisdiction to proceed with this matter is clearly established. The court has already ruled on that question. Doc. No. 118. Defendant should not waste his time and the court's time with frivolous challenges relating to the jurisdiction of the court.

In the future, if defendant has motions he wishes to file with the court, he should mail those motions to the Clerk of the Court and send a copy to the prosecutor. The current deadline for filing pretrial motions is October 21, 2011.

The court shall permit Mr. John V. Wachtel to withdraw as defendant's attorney in this case. The court shall appoint Mr. Steve Schweiker, 7221 W. 79th St., Suite 106, Overland Park, Kansas 66204 to serve as defendant's standby counsel.

Finally, the court shall ask that defendant be moved from his current holding facility to a holding facility closer to the federal courthouse in Topeka, Kansas. The court believes this may be advantageous to efforts to allow defendant access to discovery in this case.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2011 at Topeka, Kansas.

                                                  s/ RICHARD. D. ROGERS
                                                  United States District Judge