IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                         **Case No. 11-40044-11-RDR**

ARNULFO PRADO-CERVANTEZ,

        Defendant.

### O R D E R

This case is before the court upon defendant's motion for his counsel to withdraw and defense counsel's motion to withdraw. Doc. Nos. 428 and 436. The court conducted a hearing upon these motions on September 25, 2012.

During the hearing, defendant voiced an objection to the proceedings in general and described a jurisdictional challenge very similar to at least five written motions defendant has previously filed in this case. Doc. Nos. 114, 176, 182, 197, and 217. The court has rejected these jurisdictional challenges in written orders (Doc. Nos. 118, 186, 204, and 231), and the court rejected them again orally during the hearing in this case.

After reviewing defendant's motion to withdraw and listening to the comments of his appointed attorney, Mr. Orsi, the court finds that there has been a breakdown of communication and trust between defendant and Mr. Orsi such that Mr. Orsi cannot provide effective representation. Therefore, the motions to withdraw shall

be granted.

The court is convinced that defendant knows that he has the right to represent himself. He has done so for several months in this case, before asking for appointment of the second attorney in this matter, who was Mr. Orsi. Defendant stated in open court that he wanted the court to appoint a third attorney. So, the court shall appoint Mr. Ed Collazo, 1243 S.W. Topeka Blvd., Topeka, Kansas to represent defendant.

Defendant is cautioned that it is most likely that the court will not appoint a fourth attorney to represent defendant in this matter. If defendant cannot get along with Mr. Collazo, it is probable that the court will determine that defendant has waived his right to appointment of counsel and that defendant must represent himself.

The court will reiterate the difficulties with self-representation that the court has previously told defendant.

> - - You should understand that the charge you are facing in this case has a maximum penalty of life in prison and a mandatory minimum sentence of 10 years which would apply unless you qualify for certain exceptions to the mandatory minimum sentence which generally require, among other things, that you plead guilty. The mandatory minimum sentence could be 20 years, but the court is not aware at this time of facts which would cause a 20-year mandatory minimum sentence to be applicable. There is also a forfeiture allegation in this case which could require the loss of a 2005 Dodge pickup truck.
>
> - - The ultimate sentence in this case, if you are convicted, may depend upon numerous factors including: your criminal history, acceptance of responsibility, obstruction of justice, leadership role in the offense,

cooperation with the government and numerous other issues under the Sentencing Guidelines. If you represent yourself, you will be responsible for making arguments under the Sentencing Guidelines. There are also sentencing factors which the court must consider under Title 18 United States Code § 3553. If you represent yourself, you will be responsible for making arguments under this statute.

- - If you represent yourself and you decide to go to trial, you will be required to follow the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. You will be responsible for picking the jury through the process of voir dire and for giving opening and closing statements. You will be required to do your own direct and cross-examination of witnesses. You will have to evaluate the possible defenses to the crime charged -- e.g., lack of intent or knowledge; lack of participation; entrapment; lack of agreement as to a criminal purpose; and others -- to determine what defenses to present to the jury.

- - There is a very large amount of information in this case which will be difficult for any person to process, much less a person of limited education who is incarcerated pending trial.

- - You will be required to file your own pretrial motions and to contact and prepare to present any witnesses you might want to call at trial.

- - Because you are incarcerated you will have limited access to legal materials.

- - It is apparent to the court that you and another defendant in this case have received advice (I assume from someone in your holding facility) that you should challenge the court's jurisdiction to hear this case. I have already rejected this challenge in more than one order and indicated that other motions you have attempted to file without the aid of counsel do not make persuasive arguments to the court. I have no reason to believe that my rulings on these matters will change, and they cannot be appealed to another court until you have received a trial and (if you are found guilty) been sentenced.

- - This is a complex case with many defendants. At the current time, if there is a trial, you will be tried

with two other defendants. The current trial date is November 13, 2012. There is no reason to believe at this time that your case will go to trial sooner than that of any other defendant in your case or that you will be released pending trial.

- - Any attorney appointed to represent you must respect your desire to go to trial if you believe that you want to go to trial. However, you should realize that any attorney is obliged to give you his or her best advice and that no attorney is obligated to file motions which he or she believes are legally frivolous.

- - As I have said, this is a complex case with serious consequences. The court strongly believes that representation by an attorney is far better under most circumstances for a defendant than self-representation.

In summary, the court shall grant the motions to withdraw pending in this case and permit Mr. Orsi to withdraw. The court shall appoint Mr. Ed Collazo to represent defendant. The trial in this matter is currently set for November 13, 2012.

**IT IS SO ORDERED.**

Dated this 26th day of September, 2012 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge